23CA2025 Peo v Obanion 04-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2025
Chaffee County District Court No. 23CR5009
Honorable Patrick W. Murphy, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Dan Obanion,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie R. Shields, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Dan O'Banion,[1] appeals the district court's order denying the return of his seized property.  We affirm.

## I.     Background

¶ 2     In 2023, police officers pulled over O'Banion for an expired registration.  After a license plate check revealed that he had an active arrest warrant, officers arrested him and requested a tow for the vehicle.  A K-9 unit then alerted officers to the presence of narcotics.  Upon searching the vehicle, officers discovered, among other things, a large quantity of what appeared to be psilocybin, three firearms, and more than $2,200 in cash.

¶ 3     O'Banion was charged with possession with intent to manufacture or distribute a controlled substance – schedule I or II, § 18-18-405(1)(a), (2)(b)(I)(A), C.R.S. 2025.  However, the prosecution later dismissed the charges "in the interest of justice" because, before O'Banion's arrest, Colorado voters had decriminalized the possession of psilocybin for personal use through the passage of Colorado's Natural Medicine Health Act

---

[1] Although the lower court references defendant as Obanion, we use the spelling in his opening brief on appeal.

(NMHA).  S.B. 23-290, 74th Gen. Assemb., 1st Reg. Sess., 2023 Colo. Sess. Laws 1372.[2]

¶ 4        After the charges were dismissed, O'Banion filed a motion for return of property, asking officers to give back the seized psilocybin and asserting that the seizure violated section 18-18-434(6)(c), C.R.S. 2025.  The district court denied the motion, concluding that it was bound by *People v. Crouse*, 2017 CO 5, in which the Colorado Supreme Court held that that Colorado Constitution article XVIII, section 14(2)(e)'s return provision — requiring that law enforcement officers return medical marijuana seized from a person later acquitted of a Colorado drug charge — was preempted by federal law.  In accord with the holding in *Crouse*, the district court ruled that the officers could not return the psilocybin to O'Banion without violating the federal Controlled Substances Act (CSA), 21 U.S.C. §§ 801-971.

---

[2] The NMHA broadly decriminalizes the cultivation, possession, consumption and sharing of "natural medicine" — which, as statutorily defined, includes psilocybin — in quantities appropriate for "personal use" for adults twenty-one years of age or older, provided that no money or other consideration is involved.  § 18-18-434(1)-(7), (12)(b)(I)(D), C.R.S. 2025.

## II.  Analysis

¶ 5    O'Banion contends that section 18-18-434(6)(c) does not conflict with the CSA and, as a result, is not preempted.  In the alternative, he argues that *Crouse* was wrongly decided.

### A.    Conflict Preemption

¶ 6    In his opening brief, O'Banion devotes only three conclusory sentences to asserting that the NMHA is distinguishable from article XVIII, section 14 of the Colorado Constitution — which permits the use of medical marijuana under state law — because the NMHA does not include a provision "requiring law enforcement to return natural medicine" following a seizure that does not result in a criminal conviction.  Because of this distinction, O'Banion argues, the holding in *Crouse* should not control the outcome here.

¶ 7    But O'Banion does not explain *why* there is no positive conflict between the NMHA's decriminalization of psilocybin and the CSA's prohibition of the same substance.  As the People point out, under the reasoning in *Crouse,* "a court order authorizing the return of psilocybin by law enforcement, whether attached to a statutory provision or not, would place officers in the position of violating federal law."  And that is exactly what O'Banion seeks in this case.

3

O'Banion offers no persuasive reason why it makes a difference whether the motion for return of property is based on a specific constitutional provision, as with medical marijuana, or on more general law concerning the return of seized property. To the extent that O'Banion disagrees with this understanding of *Crouse*, it was incumbent upon him to explain why in his appellate briefing.

## B. Crouse

¶ 8 In the alternative, O'Banion contends that *Crouse* was wrongly decided. As he acknowledges, however, we are bound by the Colorado Supreme Court's holding in that case. *See People v. Porter*, 2015 CO 34, ¶ 23 (the court of appeals is bound by decisions of the supreme court). Because O'Banion failed to develop an argument drawing a meaningful distinction between the NMHA and article XVIII, section 14 of the Colorado Constitution, we must follow *Crouse* and conclude that his request for the return of his psilocybin is preempted by federal law.

## III. Disposition

¶ 9 We affirm the district court's order denying O'Banion's motion for return of property.

JUDGE YUN and JUDGE SCHOCK concur.